**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW SAUM,** | : | |
| | : | **Case No. 2:13-CV-00872** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge King** |
| **KATHY SAVAGE,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

**I.      INTRODUCTION**

This matter is before the Court on Defendants Kathy Savage and City of Mount Vernon,

Ohio's Motion to Dismiss (Doc. 4). For the reasons set forth herein, Defendants' Motion is

**GRANTED.**

**II.      BACKGROUND**

Plaintiff Matthew Saum is a resident of Delaware County, Ohio. At all times relevant to

this case, Defendant Kathy Savage was employed as the Clerk of the Mount Vernon Municipal

Court. Defendant City of Mount Vernon, Ohio ("City"), in which the Mount Vernon Municipal

Court sits, is located in Knox County, Ohio.

On September 4, 2012, Plaintiff appeared before Judge Paul E. Spurgeon of the Mount

Vernon Municipal Court to resolve a warrant issued in July 2012 for alleged unpaid child

support. (*Complaint*, Doc. 1, ¶ 6). At the hearing, Judge Spurgeon cancelled the warrant against

Plaintiff. (*Id.* at ¶ 7). Immediately following the hearing, Plaintiff received a release of warrant

document as well as a release of the Bureau of Motor Vehicles hold on his driving privileges.

1

(*Id.*, ¶ 8). At this time, Plaintiff alleges that Defendants Savage and City failed to remove the now invalid warrant from its records and computerized data system ("LEADS"). (*Id.*, ¶ 11).

On September 22, 2012, upon running Plaintiff's license plate number through LEADS and discovering a warrant for his arrest (*id.*, ¶ 13), an Ashley, Ohio police officer detained Plaintiff on the warrant that was cancelled on September 4, 2012. (*Id.*, ¶ 16). During the stop, Plaintiff offered the officer documentation to prove he did not have a warrant, but the officer handcuffed Plaintiff, who was ultimately taken to Knox County Jail, where he remained incarcerated for approximately nine hours. (*Id.*, ¶¶ 15-17). As a result of his incarceration, Plaintiff missed his aunt's funeral, to which he was on his way when he was arrested. (*Id.*, ¶¶ 12, 20).

Following Plaintiff's incarceration, on September 24, 2012, Savage called Plaintiff and left a voicemail apologizing for the "mix-up" and explaining that Plaintiff's void warrant was not cleared from the computer system because the September 4, 2012 hearing was unscheduled. (*Id.*, ¶¶ 22-23). The same day, Savage filed notice of the cancellation of the warrant. (*Id.*, ¶ 24).

On September 3, 2013, Plaintiff filed his Complaint, alleging three causes of actions: (1) false imprisonment in violation of the Fourth and Fourteenth Amendments to the Constitution, subject to the jurisdiction of this Court under 42 U.S.C. § 1983 (*id.*, ¶¶ 27-36); (2) false imprisonment in violation of Ohio law (*id.*, ¶¶ 37-41); and (3) infliction of emotional distress in violation of Ohio law (*id.*, ¶¶ 42-48). On September 25, 2013, Defendants Savage and City, pursuant to Fed. R. Civ. P. 12(b)(6), filed a Motion to Dismiss all claims for failure to state a claim upon which relief can be granted.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), which allows for a case to be dismissed for "failure to state a claim upon which relief can be granted," "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus,* 404 F.3d 950, 958–59 (6th Cir. 2005).  Thus, the Court must construe the complaint in the light most favorable to the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 664, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions.  *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).  Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.  8(a)(2).  But the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'"  *Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)).  In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### IV.    ANALYSIS

In his Complaint, Plaintiff only alleges one federal claim under 42 U.S.C. § 1983, against Defendants Savage and City.  (Doc. 1, ¶¶ 27-36).  Plaintiff brings his claim against Defendant Savage in both her individual and official capacities for her failure to remove the void warrant

from the computer system in a timely manner.  (*Id.*,   ¶¶ 3, 36).  He is suing Defendant City for

failing adequately to train its employees.  (*Id.*, ¶ 34).

In response to Plaintiff's Complaint, Defendant Savage asserts judicial immunity (Doc. 4

at 3-4) and the City argues that the Complaint's legal conclusion that the Municipal Court is a

subdivision of the City is erroneous, and that the City cannot be liable for acts of the Municipal

Court (*id.* at 6).

Plaintiff also asserts two state law claims against both Defendants, on the grounds of

supplemental jurisdiction.  (Doc. 1, ¶ 1).

### A.        Defendant Kathy Savage

Plaintiff alleges that Savage violated his Fourth and Fourteenth Amendment rights.

Specifically, Plaintiff argues that Savage "failed to clear the warrant from Defendants' computer

system and/or LEADS until September 24, 2012 –approximately twenty (20) days <u>after</u> Judge

Spurgeon cancelled the warrant, and two (2) days <u>after</u> Plaintiff Saum's false imprisonment

which caused him to miss his aunt's funeral." (Doc. 1, ¶ 4) (emphasis in original).  Savage

argues that she was performing a quasi-judicial function and is thereby protected.  (Doc. 4 at 3).

Plaintiff, however, contends that Savage was not performing a quasi-judicial function but rather

acted as a municipal supervisor, and is therefore amenable to suit.  (Doc. 10 at 3-4).

To establish a cause of action under § 1983, a plaintiff must establish two elements: (1)

deprivation of a right secured by the Constitution or laws of the United States; and (2) caused by

a person acting under color of state law.  *McQueen v. Beecher Cmmt'y Sch.*, 433 F.3d 460, 463

(6th Cir. 2006).

### 1.     Quasi-Judicial Immunity

It is well-established that judges "enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Leech v. Deweese*, 689 F.3d 538, 542 (6th Cir. 2012) (quotation omitted).  This immunity applies in cases under 42 U.S.C. § 1983 and extends "to any person acting as an arm of the absolutely immune judicial officer," such as the court clerk.  *Id.* (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)).  Thus, "court clerks and other court employees have absolute immunity against liability for actions arising out of the performance of judicial or quasi judicial functions."  *Sampson v. City of Xenia*, 198 F. Supp. 2d 821, 829 (S.D. Ohio 1999) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)).  The central and decisive issue here, then, is whether the cancellation of a warrant is a judicial or non-judicial function.

In determining if an act is judicial, and thus protected by judicial or quasi-judicial immunity, courts look to the nature and function of the act, not the act itself.  *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (citing *Mireles v. Waco*, 502 U.S. 9, 13 (1991)).  If the act is not normally performed by a judge, Courts examine the act's relation to a general function normally performed by a judge.  *Id.* (quoting *Mireles*, 502 U.S. at 12-13).  Courts also consider whether the task is "an integral part of the judicial process."  *Gallagher v. Lane*, 75 F. App'x 440, 441 (6th Cir. 2003) (citing *Johnson*, 125 F.3d at 333).

#### i.     Omissions

An omission can still be a judicial act.  *Sampson*, 108 F. Supp. 2d at 830.  In *Sampson*, this Court found that *not* sending a judge's dismissal order to the County jail to be "an integral part of the judicial process," and therefore protected by judicial immunity.  *Id.*  Thus, judicial immunity attaches to both affirmative actions and omissions, i.e., *not* sending an order.  *Id.*; *see also Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (upholding the dismissal of the

plaintiff's claims against two clerks who allegedly failed to provide the plaintiff with requested copies of previous filings and transcripts because the omissions were protected by quasi-judicial immunity); *Mwonyonyi v. Gieszl*, No. 89-5495, 1990 WL 10713, at *2 (6th Cir. Feb. 9, 1990) (finding a deputy clerk of court who failed to file a document with the district court to be protected by quasi-judicial immunity because the clerk's duties were related to the court's judicial process); *Brown v. Glasser*, No. 88-3993, 1989 WL 20614, at *1 (6th Cir. Feb. 28, 1989) (holding quasi-judicial immunity attached to a clerk of courts who mistakenly did not send the plaintiff a copy of a court order denying his post-conviction relief petition, which ultimately prevented the plaintiff from timely appealing the order).

Just as the clerk in *Sampson* mistakenly failed to send a court order to a plaintiff, Savage mistakenly failed to remove Plaintiff's invalid warrant from the computer system. (*Complaint*, Doc. 1, ¶ 25). While the omissions are not identical, the clerks in both cases failed to perform a task that is integral to the judicial process. Disseminating a ruling is no more integral to the judicial process than filing and removing warrants in a database. *See Moore v. State of Tennessee*, No. 3:03-CV-559, 2005 WL 1668365, at *3 (E.D. Tenn. July 18, 2005) ("[T]he court considers the failure to issue an arrest warrant equivalent to the issuance of an arrest warrant. The issuance of an arrest warrant is a 'truly judicial act.' Because it is, a court clerk is entitled to absolute immunity from a lawsuit connected with the issuance of a warrant."); *Foster*, 864 F.2d at 418-19 ("We have no difficulty concluding that the issuance of the warrant for [plaintiff's] arrest, even though non-discretionary, was a 'truly judicial act.'").

### ii. Administrative Act Exception

The Plaintiff may, however, get relief from the judicial immunity bar if he qualifies for the administrative act exception. The Sixth Circuit has explained that purely administrative

6

decisions by judges and court personnel are not judicial acts and thus are liable to suit. *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994). Such administrative acts include demoting and discharging employees, *Forrester v. White*, 484 U.S. 219, 228 (1988), and declaring "a moratorium on the issuance of writs of restitution by directing the clerk's office under [the judge's] control not to issue any such writs regardless of other judges' orders." *Morrison v. Lipscomb*, 877 F.2d 463, 464-66 (6th Cir. 1989). Acts of "setting dates for hearings and of collecting attorney's fees that [the judge] previously adjudged due," however, are judicial, not administrative, acts. *Mann*, 22 F.3d at 104. If the action "affect[s] the rights only of the individual plaintiffs in specific judicial proceedings," such acts are "examples of the 'paradigmatic judicial acts.'" *Id.*

Because filing and removing the void warrant only involved the rights of Plaintiff, the present case is more similar to *Mann* than *Morrison*. Further, because the clerk was not acting as an employer, the exception posed by *Forrester* is inapplicable. Lastly, as described above, acts regarding warrants are judicial in nature, not administrative. (*See supra*, Section IV. A. i. 1.); *see also In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) ("we have extended absolute quasi-judicial immunity…to court clerks and other non-judicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function."). Thus, Plaintiff cannot avail himself of the administrative acts exception.

### iii.    Errors

Importantly, "[a] clerk of court is entitled to absolute immunity when performing judicial functions even if acting erroneously, corruptly or in excess of jurisdiction." *Mason v. Powers*, No. 1:10-CV-884, 2010 WL 3036773, at *2 (N.D. Ohio July 30, 2010); *see also Wojnicz v.*

*Davis*, 80 F. App'x 382, 383-84 (6th Cir. 2003) (finding a court clerk to be immune from suit even if he committed an error in handling the plaintiff's habeas corpus petition because he was performing a quasi-judicial duty); *Riser v. Schnieder*, 37 F. App'x 763, 747 (6th Cir. 2002) (holding that a court clerk was immune from suit even if he committed an error in handling a small claims case because he was acting in his quasi-judicial capacity).  Therefore, while Savage erred in not removing the warrant, her error does not void her quasi-judicial immunity.

### iv.    Individual and Official Capacity

Finally, the "doctrine of absolute immunity protects judges and quasi-judicial officers from civil suit in both their official and individual capacities." *Huffer v. Bogen*, No. 1:10-CV-312, 2011 WL 5037209, at *7 (S.D. Ohio Oct. 24, 2011) *aff'd*, 503 F. App'x 455 (6th Cir. 2012) (citing *Dixon v. Clem*, 492 F.3d 655 (6th Cir. 2007).  Therefore, quasi-judicial immunity protects both lawsuits against Defendant Savage.  *See also Sampson*, 108 F. Supp. 2d at 840 (explaining that a suit against a clerk of courts in his or her official capacity is effectively an action against the municipal court, which is not subject to a lawsuit under § 1983).

### 2.    Federal False Imprisonment Claim under 42 U.S.C. § 1983

As discussed above (*see supra*, Section IV. A. i.), in failing to remove Plaintiff's warrant from the computer system, a quasi-judicial act, Savage is entitled to quasi-judicial immunity, thus barring the § 1983 claim.

Even if Defendant Savage was not protected by quasi-judicial immunity, Plaintiff's complaint still fails to state a claim upon which relief can be granted.  In § 1983 cases, "[a]s a general rule, a plaintiff must allege that the deprivation of his rights was intentional or the result of gross negligence." *Wojnicz*, 80 F. App'x at 384 (citing *Davidson v. Cannon*, 474 U.S. 344, 348 (1986)).  Therefore, "mere negligence is not actionable under § 1983". *Id.* (citing *Chesney*

*v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).  Plaintiff's Complaint, however, only asserts negligence.  (*See Complaint*, Doc. 1, ¶¶ 27-36).

Further, to state a § 1983 claim against a court clerk, Plaintiff must allege malice or corruption on the clerk's part.  *See Brown*, 1989 WL 20614, at *1 ("[P]laintiff failed to state a claim against the clerk because judicial support staff are entitled to quasi-judicial immunity, absent evidence that they have acted maliciously or corruptly.") (citing *Smith v. Martin*, 542 F.2d 688, 690-91 (6th Cir. 1976)).  Plaintiff's complaint fails to allege or even suggest that Savage acted corruptly or maliciously.  (*See Complaint*, Doc. 1, ¶¶ 27-36).  Instead, Plaintiff merely alleges that Savage mistakenly failed to remove a warrant from the computer system.  *See Sampson*, 108 F. Supp. 2d at 830 (sustaining a Motion for Summary Judgment for a clerk of courts because the clerk had quasi-judicial immunity for her action of not sending the judge's dismissal order to the plaintiff and because "[t]he record contains no evidence suggesting that [the defendant, clerk of courts] acted maliciously or corruptly.").

Plaintiff's claim also fails because Savage is not a policymaker.  Under the Ohio Revised Code, court clerks do not occupy supervisory or policy-making positions.  *See id.* at 832 ("[T]o the extent that [the plaintiff] contends the Xenia Municipal Court maintained an unconstitutional policy or custom of failing to ensure inmates' release from confinement, the Municipal Court judge, rather than [the court clerk], was the final decisionmaker with respect to the challenged practice."); *Brooks v. George County*, 84 F.3d 157, 168 (5th Cir. 1996) (arguing that "the judge is the ultimate authority for the supervision of the court in his jurisdiction" and therefore a court clerk "cannot be liable for failing to establish a policy of sending orders to parties in a criminal proceeding because he was not the policymaker for the George County Circuit Court System.").

Thus, any deficiency in a municipal court policy or procedure is attributable to the municipal court judge, not court clerk.  *Sampson*, 198 F. Supp. 2d at 832.

Similarly, in the case *sub judice*, Defendant Savage is not the "chief policy maker" of the Court.  (*See* Doc. 10 at 2).  Rather, under Ohio law, the municipal court judge has the power "[t]o adopt, publish, and revise rules for the regulation of the practice and procedure of their respective courts" and "[t]o adopt, publish, and revise rules relating to the administration of the court."  Ohio Rev. Code Ann. § 1901.14(A)(2-3).   Therefore, as in *Sampson* and *Brooks*, Savage is not liable for the Court's lack of policy "to properly track and process warrants that are voided during court proceedings that are scheduled and/or not scheduled ahead of time" (Doc. 10 at 2-3) and is not liable under § 1983.

### 3.        State Law False Imprisonment Claim

Because the Court finds a failure of federal jurisdiction, it declines to exercise supplemental jurisdiction over the state law claims.  "A District Court may decline to exercise supplemental jurisdiction over state law claims once it has dismissed all claims over which it possessed original jurisdiction."  *Sampson*, 108 F. Supp. 2d at 840 (citing *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997)).  Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, the remaining state claims should also be dismissed.  *Id.* (citing *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)).

### 4.        State Law Infliction of Emotional Distress Claim

While this claim does allege malice (*Complaint*, Doc. 1, ¶ 46), the Court declines to exercise supplemental jurisdiction over it for the reasons stated above (*see supra,* Section. iii).

**B.      Defendant City of Mount Vernon's Motion to Dismiss**

**1.      Federal False Imprisonment Claim under 42 U.S.C. § 1983**

In an effort to hold Defendant City liable, Plaintiff alleges that "[t]he Mount Vernon Municipal Court is a subdivision of Defendant City" (*Complaint*, Doc. 1, ¶ 4) and that "it is the custom, practice, and/or policy of the Mount Vernon Municipal Court of the Defendant City of Mount Vernon to not immediately clear void warrants from Defendants' computer system and/or LEADS" (*id.*, ¶ 33).  Defendant City asserts, however, that the City cannot be held liable for acts of municipal court employees and that Plaintiff's assertion is an erroneous legal conclusion which the Court is not bound to accept as true.  (Doc. 4 at 6).

The Sixth Circuit has long recognized that "Ohio's municipal courts are separate and distinct from the municipal corporations in which they sit." *Sampson*, 108 F. Supp. 2d  at 839; *see also Mumford v. Basinksi*, 105 F.3d 264, 268-70 (6th Cir. 1997) ("[A]n Ohio common pleas court is *not* a segment of county government, but an arm of the state for purposes of section 1983 liability."); *Foster*, 864 F.2d at 418 ("It cannot seriously be argued that an Ohio municipal court is indistinguishable from the municipal corporation in which it sits.").  Consequently, an Ohio municipality, such as Defendant City, "cannot be held responsible for the acts of the Municipal Court employees because municipal courts are part of the state court system and are not subject to the supervision of municipal governments." *Mancini v. City of Garfield Heights*, 37 F.3d 1499, 1450 (6th Cir. 1994).  In *Mancini*, the Court upheld a district court's dismissal of the plaintiff's § 1983 claim against the city because the City had no authority over the clerk or judge. *Id.*

Similarly, the City of Mount Vernon has no authority over the Mount Vernon Municipal Court or Defendant Savage.  Plaintiff's statement that the Mount Vernon Municipal Court is a

subdivision of Defendant City, therefore, is not a statement of fact but instead a bare and erroneous legal assertion about the relationship between an Ohio municipality and a court.  The Court need not accept it as true for the purposes of this Motion.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.").  Accordingly, Plaintiff has failed to state a claim against Defendant City.

Even assuming otherwise, Plaintiff's Complaint still fails to state a claim upon which relief can be granted.  "A 'failure to train' may serve as a basis for municipal liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the defendants come in contact."  *Mancini*, 37 F.3d at 1499.  While Plaintiff alleges that the training program "was inadequate for the tasks that employees must perform" and "the inadequacy amounts to deliberate indifference to the rights of persons with whom the employees come into contact" (*Complaint*, Doc. 1, ¶ 34),  these conclusory statements are insufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (stating that threadbare recitals of a cause of action's elements are not entitled to the presumption of truth).  As in *Mancini*, Plaintiff's Complaint does not "allege directly or inferentially that the City officially sanctioned or ordered [the clerk's] conduct" and does not "offer the slightest inference that the City ordered the Municipal Court to enforce any policy whatsoever." *Mancini*, 37 F.3d at 1499.  Therefore, the Complaint fails to state a claim on which relief can be granted.

### 2.      State Law Claims

As discussed above (*see supra*, Section. IV. A. ii.), the Court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction.  *Mace v. City of Akron*, 989 F. Supp. 949, 961 (N.D. Ohio 1998).  Because

it has dismissed Plaintiff's § 1983 claim against Defendant City, the Court declines to exercise supplemental jurisdiction over Plaintiffs state law claims against Defendant City.

## V.     CONCLUSION

For the above reasons, Defendants Kathy Savage and City of Mount Vernon's Motion to Dismiss (Doc. 4) is hereby **GRANTED.**

**IT IS SO ORDERED.**

   **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 7, 2014**

13